IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOYCE HUTCHENS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| LILY McDONOGH, | ) | |
| AMANDA RIVERA, and the | ) | |
| CHICAGO BOARD OF EDUCATION, | ) | Jury Trial Requested |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

NOW COMES Plaintiff, JOYCE HUTCHENS, by and through her attorneys, JAMES R. FENNERTY & ASSOCIATES, LLC and complaining of Defendants, LILY McDONOGH AND AMANDA RIVERA, and the CHICAGO BOARD OF EDUCATION, states as follows:

**PRELIMINARY STATEMENT**

1. This action seeks redress for the violation of rights guaranteed to Plaintiff by 42 U.S.C. §1981 and 42 U.S.C §1983, to redress the deprivation under the color of statute, ordinance, regulations, custom or usage of rights secured to Plaintiff by the Fourteenth Amendment to the Constitution of the United States, namely the right to be free from racial discrimination in her public place of employment as against Defendants LILY McDONOGH and AMANDA RIVERA. Plaintiff brings this action against Defendant the CHICAGO BOARD OF EDUCATION for employment discrimination pursuant to Title VII 42 U.S.C. §§2000(e) et seq., age discrimination in her place of employment pursuant to 29 U.S.C. 621 et seq., and retaliation. In addition, Plaintiff sues

McDONOGH and RIVERA for intentional infliction of emotional distress and interference with contract.

## JURISDICTIONAL STATEMENT

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. § 1981 and 42 U.S.C. § 1983. This court has jurisdiction over the Title VII claim pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 (a)(3), and 42 U.S.C. §2000e-5(f)(3); and over the ADEA claim pursuant to 29 U.S.C. §626(c); and over the pendent state law claim for intentional infliction of emotional distress under 28 U.S.C. §1367.

3. On July 13, 2009 Plaintiff timely filed a Charge of Discrimination with the EEOC. (See Ex. A – Charge of Discrimination).

4. The EEOC issued a Notice of Right to Sue on Plaintiff's charge, which was received on approximately October 23, 2009 (See Ex. B – Notice of Right to Sue).

## VENUE

5. Venue is proper under 28 U.S.C §1391(b)(1) and (2).

## PARTIES

6. Plaintiff JOYCE HUTCHENS is an African-American citizen of the United States who resides in Illinois. She is over 40 years old.

7. Defendant LILY McDONOGH is a citizen of the United States and resident of Illinois, who, at all relevant times, was the Manager of Operations in the Professional Development Unit of the Chicago Public Schools. She is sued in her official and individual capacity.

8. Defendant AMANDA RIVERA is a citizen of the United States and resident of Illinois, who, at all relevant times, was the Director of the Professional Development Division which was comprised of, among other units, Training and School Support, of which the National Board Resource Center of the Chicago Public Schools was included. She is sued in her official and individual capacity.

9. Defendant CHICAGO BOARD OF EDUCATION is a unit of local government which serves the City of Chicago.

**COMMON ALLEGATIONS**

10. Plaintiff began working for Defendant CHICAGO BOARD OF EDUCATION in 1994 as a high school English/Language Arts teacher.

11. In 2008, Plaintiff, who is a National Board Certified Teacher, joined the staff of the National Board Resource Center where she served as a team leader. In this capacity, Plaintiff was responsible for all activities related to certifying teacher candidates for National Board Certification.

12. Plaintiff joined the National Board Resource Center in order to establish more equity and diversity within the Chicago Board of Education's National Board Certification Program.

13. During the summer of 2008, Plaintiff requested of Defendant RIVERA and Defendant McDONOGH that she be allowed to attempt to increase the enrollment of minority teacher National Board Certification candidates, and after programs to achieve that effect were ready to be implemented, Defendants RIVERA and McDONOGH refused to allow those programs to proceed and did not provide a reason.

14. In November 2008, the Resource Center, which at this time had only two staff members, Plaintiff and Tabita Sherfinski who is Caucasian, was merged with other units of the Professional Development Division where they assumed more responsibilities in addition to their responsibilities for the National Board Resource Center.

15. In January of 2009, Deborah Glowacki joined the Professional Development Division as a Curriculum Facilitator.

14. Plaintiff, Sherfinski and Glowacki are all National Board Certified Teachers.

15. On June 23, 2009, Defendants McDONOGH and RIVERA terminated Plaintiff's employment with the Chicago Public Schools along with other members of her department, including Deborah Glowacki, who is Caucasian and a National Board Certified Teacher. Other employees, who almost exclusively were Hispanic and white and under the age of 40, including Sherfinski, maintained their employment. Although Sherfinski had more seniority in the professional development unit, she did not have more seniority with the Chicago Board of Education than Plaintiff.

16. On or about June 29, 2009 Deborah Glowacki, a younger Caucasian female who was not an original employee of the National Board Resource Center and who also was terminated on June 23, 2009, was asked by Defendant Manager LILY McDONOGH and Professional Development Director, Defendant AMANDA RIVERA, to return to the staff and assume Plaintiff's position in the National Board Resource Center. The job opening was neither posted nor were interviews conducted.

17. Deborah Glowacki is currently performing duties exclusively related to National Board Certification, a job for which Plaintiff was originally hired.

## COUNT I

## 42 U.S.C § 1981 – RACE DISCRIMINATION

Count I pertains only to Defendants LILY McDONOGH and AMANDA RIVERA.

Paragraphs 1-17 are incorporated by reference as if fully set out herein.

18. Defendants LILY McDONOGH and AMANDA RIVERA, subjected Plaintiff to a hostile work environment based on her race, African-American, through severe and/or pervasive actions, thereby negatively altering the conditions of her employment and creating an abusive working environment.

19. Despite Plaintiff's specific complaints, Defendant failed to take any appropriate action to redress the discriminatory work conditions imposed on Plaintiff.

20. Defendants subjected Plaintiff to adverse actions based on her race, including but not limited to terminating her employment and then rehiring a less qualified, less experienced Caucasian woman with less seniority.

21. The aforementioned acts and omissions of Defendants constituted intentional discrimination against Plaintiff on the basis of her race, African-American, and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of her employment relationship in violation of 42 U.S.C. § 1981.

22. As a direct and proximate result of Defendants' actions, Plaintiff has suffered emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JOYCE HUTCHENS, prays for judgment against Defendant LILY McDONOGH and respectively requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Order Defendant to make whole JOYCE HUTCHENS by providing affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

C. Grant Plaintiff actual, consequential, compensatory, and any other damages that the Court may deem appropriate against Defendant;

D. Order Defendant to pay lost, foregone, and future wages to JOYCE HUTCHENS;

E. Order Defendant to pay punitive damages;

F. Grant Plaintiff her attorney's fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT II

## SECTION 1983 - EQUAL PROTECTION CLAUSE - RACE DISCRIMINATION

Count II pertains only to Defendants LILY McDONOGH and AMANDA RIVERA.

23. Paragraphs 1-22 are incorporated by reference as if fully set out herein.

24. By virtue of the acts and omissions alleged herein, Defendants McDONOGH and RIVERA, acting under the color of law, intentionally discriminated against Plaintiff on the basis of her race, African-American, thereby depriving Plaintiff of

her rights to equal protection under the laws guaranteed by the Fourteenth Amendment to the United States Constitution.

25. Defendants McDONOGH and RIVERA intentionally subjected Plaintiff to less favorable terms and conditions of employment than similarly situated Caucasian employees through acts including but not limited to terminating Plaintiff from her employment based on her race and replacing her with a less qualified Caucasian woman with less experience and less seniority.

26. Defendants McDONOGH and RIVERA deliberately and knowingly acted in violation of clearly established constitutional law when they violated Plaintiff's rights to equal protection by discriminating against Plaintiff on the basis of her race, African-American.

27. As a direct and proximate result of the afore-alleged deliberate, willful, and reckless acts or omissions of Defendants McDONOGH and RIVERA, Plaintiff was deprived of her federally protected rights in violation of 42 U.S.C. §1983, and has suffered damages, including, but not limited to, emotional pain and suffering, lost and foregone wages and benefits.

28. The acts or omissions alleged herein constitute reckless or callous indifference to Plaintiff's federally protected rights, entitling her to punitive damages against Defendants McDONOGH and RIVERA in their individual capacities.

29. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendants McDONOGH and RIVERA, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, JOYCE HUTCHENS, prays for judgment against Defendants LILY McDONOGH and AMANDA RIVERA and respectively requests that this Court:

A. Declare the conduct of Defendants to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Order Defendant to make whole JOYCE HUTCHENS by providing affirmative relief necessary to eradicate the effects of Defendants' unlawful practices;

C. Grant Plaintiff actual, consequential, compensatory, and any other damages that the Court may deem appropriate against Defendants;

D. Order Defendants to pay lost, foregone, and future wages to JOYCE HUTCHENS;

E. Order Defendants to pay punitive damages;

F. Grant Plaintiff her attorney's fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

**COUNT III**

**RACE DISCRIMINATION – TITLE VII**

Count III pertains solely to Defendant CHICAGO BOARD OF EDUCATION.

30. Paragraphs 1-29 are incorporated by reference as if fully set out herein.

31. The aforementioned acts or omissions of Defendant constitutes unlawful discrimination against Plaintiff because of her race, African-American, in violation of the

provisions of Title VII of the civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e et seq.

  32. As a direct and proximate result of the above-alleged willful and reckless acts or omissions of Defendant CHICAGO BOARD OF EDUCATION, Plaintiff suffered damages, including but not limited to lost and foregone wages and benefits and physical and emotional harm.

## PRAYER FOR RELIEF

  WHEREFORE, Plaintiff, JOYCE HUTCHENS, prays for judgment against Defendant CHICAGO BOARD OF EDUCATION and respectively requests that this Court:

  A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

  B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert with or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

  C. Order Defendant to make whole JOYCE HUTCHENS by providing affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

  D. Grant Plaintiff actual, consequential, compensatory, and any other damages that the Court may deem appropriate against Defendant;

  E. Order Defendant to pay lost, foregone, and future wages to JOYCE HUTCHENS;

  F. Grant Plaintiff her attorney's fees, costs, disbursements; and

    G.    Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT IV

## AGE DISCRIMINATION

Count IV pertains solely to Defendant CHICAGO BOARD OF EDUCATION.

33.    Paragraphs 1-32 are incorporated by reference as if fully set out herein.

34.    Defendant, through the actions stated above and through other behavior have discriminated against Plaintiff in violation of 29 U.S.C. §623 by: 1) terminating Plaintiff due to her age; and 2) rehiring a younger, less qualified, less experience woman with less seniority to take Plaintiff's former job duties.

35.    On information and belief, Defendant BOARD refused to even consider Plaintiff for her old position, when refilling it only days after terminating her employment.

36.    As a direct and proximate result of the above-alleged willful and reckless acts or omissions of Defendant CHICAGO BOARD OF EDUCATION, Plaintiff suffered damages, including but not limited to lost and foregone wages and benefits and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JOYCE HUTCHENS, prays for judgment against Defendant CHICAGO BOARD OF EDUCATION and respectively requests that this Court:

    A.    Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

      B.      Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert with or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

      C.      Order Defendant to make whole JOYCE HUTCHENS by providing affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

      D.      Grant Plaintiff actual, consequential, compensatory, and any other damages that the Court may deem appropriate against Defendant;

      E.      Order Defendant to pay lost, foregone, and future wages to JOYCE HUTCHENS;

      F.      Grant Plaintiff her attorney's fees, costs, disbursements; and

      G.      Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT V

## RETALIATION – TITLE VII

Count V pertains solely to Defendant CHICAGO BOARD OF EDUCATION.

37.      Paragraphs 1-36 are incorporated by reference as if fully set out herein.

38.      Throughout Plaintiff's tenure with the Chicago Board of Education, Plaintiff exercised her statutorily protected rights by engaging in a protected activity through reports to the EEOC.

39.      As a result of Plaintiff's reporting to the EEOC, Plaintiff was terminated, and her job was filled by a younger Caucasian woman, Glowacki.

40. The aforementioned acts and omissions of Defendant BOARD OF EDUCATION constitute unlawful retaliation for Plaintiff's opposition to racial discrimination, harassment, and depriving Plaintiff of the enjoyment of all benefits, privileges, terms, and conditions of her employment relationship in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.

41. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JOYCE HUTCHENS, prays for judgment against Defendant CHICAGO BOARD OF EDUCATION and respectively requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert with or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

C. Order Defendant to make whole JOYCE HUTCHENS by providing affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Grant Plaintiff actual, consequential, compensatory, and any other damages that the Court may deem appropriate against Defendant;

  E. Order Defendant to pay lost, foregone, and future wages to JOYCE HUTCHENS;

  F. Grant Plaintiff her attorney's fees, costs, disbursements; and

  G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT VI

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

  Count VI pertains to Defendants LILY McDONOGH and AMANDA RIVERA, individually, for their tortious actions injuring Plaintiff, and in addition, Plaintiff seeks respondeat superior liability against Defendant BOARD for said tortious conduct.

  42. Paragraphs 1-40 are incorporated by reference as if fully set out herein.

  43. Defendant LILY McDONOGH, in her capacity as Manager of Operations of the Professional Development Unit of the Chicago Public Schools and Defendant AMANDA RIVERA, in her capacity as director of the Professional Development Unit of the Chicago Public Schools, engaged in extreme and outrageous conduct in subjecting Plaintiff to an overt, unbridled, and malicious course of conduct designed to Psychologically and emotionally abuse Plaintiff.  Such conduct included, *inter alia*:

    a. Terminating Plaintiff's employment due to her age and race; and

    b. Rehiring a younger, less qualified, less experienced Caucasian woman with less seniority to take Plaintiff's former job duties.

  44. Defendants McDONOGH and RIVERA intended to cause Plaintiff severe emotional distress or knew that there was a high probability that Plaintiff would suffer such distress when they subjected Plaintiff to said abuse.

45. Defendant LILY McDONOGH, in her capacity as Manager of Operations of the Chicago Public Schools' Professional Development Unit of the Chicago Public Schools and Defendant AMANDA RIVERA, in her capacity as Director of Professional Development of the Chicago Public Schools, exercised a substantial degree of control over Plaintiff's terms and conditions of employment and abused their authority over Plaintiff when they subjected Plaintiff to said abuse.

46. Plaintiff has suffered and continues to suffer extreme emotional distress as a direct and proximate result of Defendants' extreme and outrageous conduct.

47. Defendants intentionally subjected Plaintiff to egregious and abusive treatment which they knew would cause Plaintiff to suffer severe emotional distress.

48. Plaintiff continues to suffer the severe emotional and psychological trauma inflicted upon her by Defendants and continues to struggle with the effects of Defendants' extreme and outrageous conduct.

49. The aforementioned acts and omissions of Defendant constitute intentional infliction of emotional distress, in violation of the laws of the State of Illinois.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JOYCE HUTCHENS, prays for judgment against Defendants LILY McDONOGH and AMANDA RIVERA and respectively requests that this Court:

A. Declare the conduct of Defendants to violate the rights guaranteed to Plaintiff under appropriate law;

B. Order Defendant to make whole JOYCE HUTCHENS by providing affirmative relief necessary to eradicate the effects of Defendants' unlawful practices;

  C. Grant Plaintiff actual, consequential, compensatory, and any other damages that the Court may deem appropriate against Defendants;

  D. Order Defendants to pay lost, foregone, and future wages to JOYCE HUTCHENS;

  E. Order Defendants to pay punitive damages;

  F. Grant Plaintiff her attorney's fees, costs, disbursements; and

  G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT VII

## INTERFERENCE WITH CONTRACT

Count VII pertains to Defendants LILY McDONOGH and AMANDA RIVERA, individually, for their tortious actions injuring Plaintiff, and in addition, Plaintiff seeks respondeat superior liability against Defendant BOARD for said tortious conduct.

  50. Paragraphs 1-49 are incorporated by reference as if fully set out herein.

  51. As an employee of the Chicago Board of Education, Plaintiff worked under and implicit employment contract with the Chicago Board of Education.

  52 Defendants, through their actions stated above and through other actions have interfered with the contractual relationship between the Chicago Board of Education and Plaintiff.

  53. The individual defendants had knowledge of the contract, and they intentionally and unjustifiably interfered with the performance of the contract between Plaintiff and the Chicago Board of Education.

WHEREFORE, Plaintiff, JOYCE HUTCHENS, prays for judgment against Defendants LILY McDONOGH and AMANDA RIVERA and respectively requests that this Court:

A. Declare the conduct of Defendants to violate the rights guaranteed to Plaintiff under appropriate law;

B. Order Defendant to make whole JOYCE HUTCHENS by providing affirmative relief necessary to eradicate the effects of Defendants' unlawful practices;

C. Grant Plaintiff actual, consequential, compensatory, and any other damages that the Court may deem appropriate against Defendants;

D. Order Defendants to pay lost, foregone, and future wages to JOYCE HUTCHENS;

E. Order Defendants to pay punitive damages;

F. Grant Plaintiff her attorney's fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

54. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

Respectfully Submitted,

/s/ James R. Fennerty
James R. Fennerty & Associates, L.L.C.
36 South Wabash Avenue, Suite 1310
Chicago, Illinois 60603
312-345-1704
312-422-0708 (f)
Attorney # 793000